UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WAYLON WOOD | CIVIL ACTION NO. 24-cv-1180 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY CO ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

KCS filed a Motion to Dismiss (Doc. 10) Plaintiff's original complaint based on various attacks on claims asserted under Title VII, the FMLA, and the ADA. The attacks include untimeliness, lack of plausibility, res judicata, and failure to exhaust.

Plaintiff responded with a Motion to Amend Complaint (Doc. 17), which he explains in his reply (Doc. 25) will withdraw FMLA and Title VII claims, clarify that certain claims are based on events that occurred after prior litigation, add claims of state law retaliation and Section 504 of the Rehabilitation Act, and notify the court that an additional amendment will be requested upon issuance of an EEOC notice of right to sue related to a recently arisen claim for termination.

Plaintiff's proposed amended complaint would restate and replace the original complaint. "If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" Royal Canin U. S. A., Inc. v. Wullschleger, 145 S. Ct. 41, 52 (2025), quoting 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010). And when an amended complaint is filed after a motion to dismiss, the court may deny the motion to

dismiss as moot. Griffin v. Am. Zurich Ins. Co., 697 Fed. Appx. 793, 797 (5th Cir. 2017) (per curiam) ("Once filed, that amended complaint rendered all earlier motions … moot."). That is usually the most efficient route, particularly when significant changes are made to the complaint. Dozier v. Voodoo Energy Servs. LLC, 2025 WL 606186 (W.D. La. 2025) (Hicks, J.) (finding it more efficient to deny as moot motion to dismiss original complaint after amended complaint was filed).

Plaintiff's request for leave comes early in the case, before any scheduling order deadline, and it attempts to cure issues raised in a motion to dismiss, which is encouraged by Fed. R. Civ. Pro. 15(a)(1)(B). The best exercise of the court's discretion in these circumstances is to grant Plaintiff leave to amend the complaint and deny as moot KCS's motion to dismiss. Accordingly, **Plaintiff's Motion to Amend Complaint (Doc. 17) is granted** and **KCS's Motion to Dismiss (Doc. 10) is denied as moot**. KCS can respond to the amended complaint with an answer, another motion to dismiss, or other motion.

Plaintiff also seeks a stay of the case until the new notice of right to sue is issued. KCS opposes a stay prior to a ruling on its motion to dismiss, which has now been denied as moot. Plaintiff's request for a **stay** is **denied** at this time. The court can reconsider the propriety of a stay after KCS has responded to the amended complaint and any new motion is resolved.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of April, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge